681 P.2d 380

**STATE of Arizona, Appellee,**

v.

**Michael C. DE PASSQUALLO, a/k/a Michael Cary Bennefeld, Appellant.**

**No. 6095–PR.**

Supreme Court of Arizona, En Banc.

April 23, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Phoenix, for appellant.

HAYS, Justice.

We adopt the statement of facts set forth in the court of appeals opinion, 140 Ariz. 235, 681 P.2d 387 (1983), as follows.

On August 18, 1981, an indictment was filed in the Maricopa County Superior Court charging appellant [petitioner in the supreme court] with seven counts of fraudulent schemes and artifices and five counts of theft. On September 10, 1981, the United States District Court for the District of North Dakota sentenced appellant to a term of one year and one day for making a false bank entry with the intent to defraud. Appellant was sent to the federal correctional facility in Seagoville, Texas, where he was to serve his federal sentence from October 1, 1981, to July 18, 1982. Appellant was told by the federal sentencing judge that he would be eligible for parole in 120 days.

On October 13, 1981, the federal correctional facility received the Arizona notice of detainer. Because of this detainer, appellant was not eligible to apply for furlough-type activities, such as educational or work-release programs.

On January 26, 1982, Arizona authorities took appellant into custody and returned him to Arizona. By then, appellant had earned 24 days of good time credits, which moved his federal release date to June 28, 1982. On June 28, 1982, while incarcerated in Arizona, appellant posted bond and was released from custody. Appellant received credit against his federal sentence for all time spent in Arizona custody dating from January 26 to June 28, 1982.

On May 28, 1982, appellant entered into a plea agreement on the Arizona charges wherein he agreed to plead guilty to Counts IV and VI, fraudulent schemes and artifices, class two nondangerous felonies, and Count XII, theft, a class three nondangerous felony. This agreement provided that appellant would receive the presumptive sentence of seven years on Counts IV and VI and five years on Count XII. The plea agreement was silent on the amount of presentence incarceration credit appellant would receive against the sentence. At the change of plea hearing, appellant stated there were no agreements or promises other than those set out in the plea agreement.

On July 7, 1982, the trial court sentenced appellant to terms of seven years on Counts IV and VI and five years on Count XII, to run concurrently. The trial court gave appellant credit for 153 days, from January 26 to June 28, 1982, applied against Count XII only.

We have jurisdiction pursuant to Ariz. Const. art. 6 § 5(3) and 17 A.R.S. Arizona Rules of Criminal Procedure, rule 31.19.

We address only one issue, as we agree with the results the court of appeals reached on the other issues.

On January 26, 1982, petitioner was taken into custody by Arizona officials and returned to Arizona to stand trial on the charges to which he ultimately pleaded guilty. From January 26, 1982 to June 28, 1982, petitioner was in custody for purposes of A.R.S. § 13–709(B). It is true that while in the Maricopa County Jail he was receiving credit against his federal sentence, but we find this to be irrelevant. Petitioner was in jail in Arizona to stand trial for the crimes he committed in Arizona, and is entitled to credit against his Arizona sentence for this presentence custody.

The trial court applied the credit for petitioner's presentence custody against only one of petitioner's three concurrent sentences. The court of appeals affirmed that ruling. The law on this issue has recently changed and we credit each of petitioner's sentences with 153 days (January 26 to June 28, 1982) *see State v. Cruz-Mata,* 138 Ariz. 370, 373, 674 P.2d 1368, 1372–74 (1983).

The opinion of the court of appeals is approved in part and vacated in part. Peti-

tioner's convictions are affirmed and his sentences, as modified, are affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and FELDMAN, J., concur.

CAMERON, Justice, dissenting.

I regret that I must disagree with the application of credit to each of petitioner's sentences for the reasons given in my dissent in *State v. Cruz-Mata*, 138 Ariz. 370, 674 P.2d 1368 (1983).