774 P.2d 829

**The STATE of Arizona, Appellee,**

v.

**John M. McCLINTIC, Appellant.**

**No. 2 CA–CR 88–0450.**

Court of Appeals of Arizona, Division 2, Department A.

March 23, 1989.

Redesignated as Opinion April 26, 1989.

Review Denied June 20, 1989.

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Harold L. Higgins, Jr., Pima County Public Defender by John F. Palumbo, Tucson, for appellant.

## OPINION

PER CURIAM.

Appellant appeals from the trial court's refusal to award him presentence incarceration credit for time appellant spent in custody in Arizona after being extradited from Pennsylvania where he was serving a prison term for an offense committed there after he had absconded from the Arizona Department of Corrections.

The facts relevant to this appeal are as follows. On June 17, 1985, appellant was discovered to be absent from a Tucson facility of the Department of Corrections where he was serving a 1.5–year term for a Yuma County conviction of attempted burglary. On May 11, 1987, appellant was arrested in Pennsylvania and subsequently charged with the commission of various crimes including, but not limited to, attempted homicide, theft by unlawful taking, robbery, simple and aggravated assault, and reckless endangerment. On July 7, 1987, a detainer was lodged in Pennsylvania in connection with the Yuma County conviction and sentence. On November 2, 1987, appellant pled guilty to robbery and aggravated assault and was sentenced by the Delaware County Court of Common Pleas in Pennsylvania to concurrent terms of 18 to 60 months imprisonment on each of the offenses. Appellant's sentence on the Yuma County offense was recomputed to run concurrently with the time served in Pennsylvania, resulting in appellant's discharge from the Arizona Department of

Corrections on January 29, 1988. On February 5, 1988, a Pima County grand jury charged appellant with one count of escape in the second degree, a class 5 felony, in violation of A.R.S. § 13–2503(A)(2) and (B), the subject of this appeal.

Appellant was extradited from Pennsylvania on March 31, 1988, and booked into the Pima County Jail. His initial appearance and arraignment were held on April 1, at which time a bond of $10,000 was imposed. Pursuant to a plea agreement appellant was convicted of being absent without leave from a community correctional center, with one prior felony conviction (the Yuma County offense). In exchange, the state agreed to dismiss the escape charge as alleged in the indictment and all other enhancement allegations. The trial court accepted the plea agreement on May 22, 1988. On August 30, appellant was sentenced to the maximum term of four years' imprisonment. The court rejected appellant's request for presentence credit under A.R.S. § 13–709(B) for the time served in Arizona. Relying upon this court's decision in *State v. Horrisberger*, 133 Ariz. 569, 653 P.2d 26 (App.1982), the trial court concluded that appellant was not entitled to credit for this time because he received credit on the Pennsylvania sentence which he was still serving. (Appellant's earliest release date for the Pennsylvania charge was January 7, 1989.)

Appellant argues on appeal that the sentencing court's reliance upon *Horrisberger* was misplaced and that *State v. De Passquallo*, 140 Ariz. 228, 681 P.2d 380 (1984) requires that he be given credit for the time served in Arizona following his extradition from Pennsylvania until he was sentenced on the instant offense. We agree with appellant that he should have been credited for this time, a result that is, in fact, consistent with both *Horrisberger* and *De Passquallo*.

In *Horrisberger* this court considered whether the defendant was entitled to credit for time spent in custody outside this state even though he was under an Arizona hold at the time. Horrisberger pled guilty in Arizona to third-degree burglary on No-

vember 4, 1980, and was reported missing nine days later. On November 18 he was arrested in Ohio for an offense committed there, after which Arizona placed a hold on him. Shortly thereafter he was extradited to Georgia for charges pending in that state; Arizona again placed a hold on him. The Georgia charges were dismissed on April 15, on which date the appellant was transported to this state, arriving on April 22, 1981. This court affirmed the trial court's refusal to grant Horrisberger credit for the time spent in custody in Ohio and Georgia and the granting of credit for the seven days during which the appellant was in the custody of Arizona authorities and being transported to Arizona, noting that the Arizona hold did not come into play until April 15. We concluded, therefore, that he was entitled to credit for the period between that date and June 2, the day on which he was sentenced. Although factually distinct from the case before us, *Horrisberger* does not prohibit the sentencing court from crediting a defendant with time for which he is being credited in another jurisdiction, as the court below concluded; it simply reiterates the principle that unless the accused is in custody "pursuant to" the Arizona offense with which he is being charged and in connection with which he seeks presentence incarceration credit, he is not entitled to credit under A.R.S. § 13–709(B).

Unlike *Horrisberger, De Passquallo* is factually similar to the case before us. De Passquallo was charged by indictment in Arizona on August 18, 1981, with numerous counts of fraudulent schemes and artifices and theft. On September 10, 1981, he received a federal prison term by the United States District Court for the District of North Dakota. He was serving the sentence at a federal prison in Texas when the federal facility received a notice of detainer from Arizona. Arizona authorities took custody of De Passquallo on January 26, 1982, returning him to Arizona. On June 28, 1982, De Passquallo's federal release date, he posted bond in connection with the pending Arizona charges and was released from custody. He had received credit on the federal sentence for the time served in

Arizona from January 26, 1982, to the release date. De Passquallo entered into a plea agreement in connection with the Arizona charges and was sentenced on July 7, 1982. In affirming that portion of the decisions of the trial court and this court granting De Passquallo presentence incarceration credit for the time served in Arizona subsequent to his departure from Texas, the Arizona Supreme Court noted:

> From January 26, 1982 to June 28, 1982, petitioner was in custody for purposes of A.R.S. § 13–709(B). It is true that while in the Maricopa County Jail he was receiving credit against his federal sentence, but we find this to be irrelevant. Petitioner was in jail in Arizona to stand trial for the crimes he committed in Arizona, and is entitled to credit against his Arizona sentence for this presentence custody.

140 Ariz. at 229, 681 P.2d at 381. The only reason appellant was in the custody of Arizona authorities was because of the escape charges pending in this state; he had already been discharged from the Arizona Department of Corrections in connection with the Yuma County offense. In accordance with De Passquallo, therefore, appellant should have received presentence incarceration credit for the 151 days between March 31, 1988, and August 30, 1988, notwithstanding the fact that he received credit for that time on the Pennsylvania sentence.

The state argues that this result is inconsistent with this court's decisions in State v. Bridgeforth, 156 Ariz. 58, 750 P.2d 1 (App.1986), approved in pertinent part, 156 Ariz. 60, 750 P.2d 3 (1988) and State v. Gourdin, 156 Ariz. 337, 751 P.2d 997 (App. 1988). Bridgeforth and Gourdin are factually distinguishable from the instant case. In Bridgeforth, the defendant was already in prison in Arizona serving time for a separate offense when he committed, and was convicted of, the new crime. His incarceration was unrelated to the new offense and, therefore, was not "time actually spent in custody pursuant to the offense. A.R.S. § 13–709(B)." 156 Ariz. at 59, 750 P.2d at 2. We pointed out that any credit in such a situation would have to begin with his earliest release date on the conviction for which he was already serving time. If appellant had time remaining on the Yuma County offense, this case would be closer to Bridgeforth factually and he would not be entitled to presentence incarceration credit for time served in connection with that offense which overlapped with the presentencing time on this charge.

Similarly, in Gourdin the defendant's parole was revoked in a federal matter after he committed a new offense, resulting in his incarceration in a federal prison. Noting that the defendant's incarceration in the federal institution was not "pursuant to" the Arizona offense as contemplated by A.R.S. § 13–709(B), we went on to modify the sentence so that the defendant would be afforded what he thought he had been granted by the plea agreement he had entered into with the state. On the latter basis alone, Gourdin is distinguishable.

We have reviewed the entire record before us for fundamental error and have found none. We, therefore, affirm the appellant's conviction and sentence as modified.