953 P.2d 547

**The STATE of Arizona, Respondent,**

v.

**Gregory Lloyd BROOKS, aka Money, Petitioner.**

**No. 2 CA–CR 97–0050–PR.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 11, 1997.

Redesignated as Opinion and Publication Ordered Jan. 21, 1998.

Barbara LaWall, Pima County Attorney by Joseph H. Buescher, Jr., Tucson, for Respondent.

Susan A. Kettlewell, Pima County Public Defender by William J. Kirchner, Tucson, for Petitioner.

## OPINION

BRAMMER, Judge.

Pursuant to a plea agreement, petitioner was convicted in 1995 of attempted unlawful transfer of a narcotic drug. He was sentenced to the presumptive term of three and one-half years' imprisonment. He then filed a petition for post-conviction relief pursuant to Rule 32, Ariz.R.Crim.P., 17 A.R.S., claiming the trial court improperly refused to grant him 227 days of presentence incarceration credit against his sentence. This petition for review followed the trial court's summary dismissal of the Rule 32 petition.

Petitioner was arrested and jailed on the instant drug charges on April 21, 1995. Bond was set at $2,200 but was never posted. At the time of his arrest, petitioner was on probation from a 1992 conviction for attempted sexual assault. As a result of the drug arrest, the state filed a petition to revoke probation in the assault case. Ultimately petitioner pled guilty in the drug case to one count of attempted unlawful transfer, admitted the allegation in the revocation petition, and was sentenced in both cases on September 26, 1995. He received concurrent, presumptive five-year prison terms on two counts in the assault case, with credit for 227 days of presentence incarceration. Pursuant to the plea agreement in the drug case, his presumptive three-and-one-half-year sentence was made concurrent with his sentences in the assault case. However, because there was a probation hold on petitioner while he was in jail between April 21 and September 26, the court refused to grant any presentence incarceration credit in the drug case, finding that "all 227 days spent in custody were spent pursuant to CR–35671 only, and the defendant could not have been re-

leased in CR–49176 under any circumstances."

We disagree. Whether petitioner "could . . . have been released . . . under any circumstances" is not the appropriate inquiry. Section 13–709(B), A.R.S., provides: "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter." Thus, the issue is whether petitioner was incarcerated "pursuant to" the instant drug charges, even though he was also subject to a probation hold in connection with the probation revocation petition. We find that he was.

In *State v. Brooks*, 161 Ariz. 177, 777 P.2d 675 (App.1989), Division One of this court held that a defendant in custody on both a new charge and a petition to revoke probation on previous charges is entitled to presentence incarceration credit as to each sentence when concurrent sentences are imposed. *See also State v. De Passquallo*, 140 Ariz. 228, 681 P.2d 380 (1984), and *State v. Cruz–Mata*, 138 Ariz. 370, 674 P.2d 1368 (1983). As the court stated in *De Passquallo:*

> It is true that while in the Maricopa County Jail [awaiting trial on Arizona charges] he was receiving credit against his federal sentence, but we find this to be irrelevant. Petitioner was in jail in Arizona to stand trial for the crimes he committed in Arizona, and is entitled to credit against his Arizona sentence for this presentence custody. 140 Ariz. at 229, 681 P.2d at 381.

Similarly, here, petitioner was arrested and jailed on the drug charges. He did not post bond and was never released on those charges.[1] Although the drug charges formed the sole basis for revoking his probation, subjecting petitioner to a probation hold in the assault case, he was, nonetheless, being held pursuant to the drug offense from the time of his arrest on April 21 until his sentencing in both cases on September 26, 1995.

1. This is the factual basis on which *State v. San Miguel*, 132 Ariz. 57, 643 P.2d 1027 (App.1982), is distinguished from the instant case. In *San Miguel*, the defendant was released on his own recognizance on the new offense, but continued to be held without bond on the petition to revoke probation.

We conclude, therefore, that the trial court erred in denying petitioner presentence incarceration credit in this case.

On the record before us, there is no indication how the 227 days of presentence incarceration credit in the assault case were computed, since the period from petitioner's April 21 arrest through his September 26 sentencing is 159 days. We therefore grant the petition for review and grant relief, but remand the case to the trial court to determine the correct amount of presentence incarceration credit to which petitioner is entitled.

DRUKE, C.J., and FLOREZ, J., concur.