IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAY 20 2013

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,           )
                                )        2 CA-CR 2013-0001-PR
                  Respondent,   )        DEPARTMENT B
                                )
        v.                      )        O P I N I O N
                                )
BRANDON ALBERT SEAY,            )
                                )
                  Petitioner.   )
                                )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR201100745

Honorable John F. Kelliher, Jr., Judge

REVIEW GRANTED; RELIEF GRANTED

Robert J. Zohlmann                                      Tombstone
                                           Attorney for Petitioner

V Á S Q U E Z, Presiding Judge.

¶1 Brandon Seay petitions this court for review of the trial court's order denying his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P. We will not disturb that ruling unless the court clearly has abused its discretion. *See State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). We grant review and relief.

¶2 On October 6, 2011, Seay was indicted in Cochise County for second-degree burglary, theft, and criminal damage. Because Seay was serving another sentence in the custody of the Arizona Department of Corrections (ADOC) in Florence, the state petitioned for and the trial court issued a writ of habeas corpus ad prosequendum, directing that ADOC deliver Seay to the Cochise County Sheriff for arraignment. The writ further ordered that Seay be returned to ADOC "upon the conclusion of all pending proceedings." Seay subsequently was transferred to the Cochise County Jail on October 21 and arraigned on October 24. Pursuant to a plea agreement, on April 17, 2012, Seay pled guilty to second-degree burglary and theft. On May 14, he was sentenced in accordance with the plea agreement to presumptive prison terms, the longest of which was 3.5 years, to be served concurrently to each other and to the sentence Seay currently was serving. The court further ordered that Seay was entitled to credit for thirty-three days "served prior to sentencing."

¶3 Seay filed a pro se motion requesting that the trial court award him sentencing credit for all time between his transfer from ADOC to the Cochise County Jail and his sentencing—a total of 206 days of credit. The court appointed Seay's trial counsel to represent him for the purposes of the motion, and the state filed a response to

2

Seay's motion, additionally requesting that the court amend its sentencing order to "take[] away" the thirty-three days of credit. Counsel, characterizing Seay's motion as a "pro se Rule 32 petition," filed an amended Rule 32 petition, and a reply to the state's response to that petition.

¶4        Counsel ultimately withdrew, however, on the basis that "there is an issue of ineffective assistance of counsel," creating a conflict of interest. The trial court appointed new counsel, who filed a supplemental memorandum to include a claim that trial counsel had been ineffective in failing to "clarify [Seay's] custody status." After hearing argument, the court denied Seay's petition for post-conviction relief. It noted that it had "not set conditions of release upon [Seay's] arraignment," that Seay "was already in the Arizona Department of Correction['s] custody," and that neither the state nor trial counsel had "raised the issue of [Seay's] conditions of release." Thus, the court concluded, Seay "continued in [the] custody" of ADOC "under the sentence(s) issued in another distinct criminal case (albeit physically present in the Cochise County jail)." The court additionally amended its sentencing order to give Seay "zero (0) days credit for time served."

¶5        The essential thrust of Seay's argument on review, as it was below, is that the writ of habeas corpus ad prosequendum "functioned . . . as an arrest warrant" and thus, because the trial court did not set release conditions at his arraignment, he was "actually . . . in custody pursuant to" the charged offenses and entitled to credit under

3

A.R.S. § 13-712(B).[1]  A defendant is entitled to credit for "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense." § 13-712(B).

¶6        We find no authority directly addressing the issue presented here—whether an individual is entitled to presentence incarceration credit when transferred pursuant to court order from ADOC to a county jail to face new charges and the court does not modify the conditions of release on the new charges.  A person in federal custody transferred to Arizona for criminal proceedings is entitled to credit for time spent in custody in Arizona against any sentence imposed, even if the person continues to receive credit for time served against his or her federal sentence.  *State v. De Passquallo*, 140 Ariz. 228, 229, 681 P.2d 380, 381 (1984) ("Petitioner was in jail in Arizona to stand trial for the crimes he committed in Arizona, and is entitled to credit against his Arizona sentence for this presentence custody."); *cf. State v. Gourdin*, 156 Ariz. 337, 751 P.2d 997 (App. 1988) (defendant not entitled to credit for time spent in federal prison for federal parole violation triggered by Arizona guilty plea).  And an individual may be entitled to credit when held in custody both due to a new criminal charge and a petition to revoke probation or other criminal charge.  *See State v. Brooks*, 191 Ariz. 155, 156-57, 953 P.2d 547, 548-49 (App. 1998) (defendant entitled to presentence credit when jailed "and never released" for drug charge and held for probation violation based on same

---

[1]Seay cites § 13-709(B), but the statute was renumbered in 2008.  2008 Ariz. Sess. Laws, ch. 301, § 27.  He also incorrectly calculates the number of days between his transfer to Cochise County and his sentencing, which is 206 days, not the 239 days he claims.

4

charge); *State v. Brooks*, 161 Ariz. 177, 181, 777 P.2d 675, 679 (App. 1989) (defendant that "remained in custody on [two] warrants . . . entitled to credit for the time held on each").

¶7        We find no basis to distinguish custody in ADOC from federal custody in determining whether Seay is entitled to sentencing credit for time spent in the Cochise County Jail.[2]  A writ of habeas corpus ad prosequendum is used to "return the accused to the county where charges have been filed" and is "the equivalent of a request for temporary custody."  *State v. Loera*, 165 Ariz. 543, 545-46, 799 P.2d 884, 886-87 (App. 1990).  And it may be used to transfer a person from a state facility to a county jail.  *See State v. Sheriff of Pima County*, 97 Ariz. 42, 43, 396 P.2d 613, 613-14 (1964).  Thus, Seay was in the custody of Cochise County when transferred pursuant to that writ,[3] and he clearly was in custody for the offenses charged in the October 6 indictment.  *See* § 13-712(B); *De Passquallo*, 140 Ariz. at 229, 681 P.2d at 381.  That ADOC may have retained some control such that the Cochise County Jail could not simply release him is not relevant.  *See De Passquallo*, 140 Ariz. at 229, 681 P.2d at 381.

---

[2]We recognize that, in *State v. Bridgeforth*, this court modified a sentence to eliminate presentence incarceration time calculated by using the arrest date of an incarcerated defendant and instead used that defendant's mandatory release date as a starting point.  156 Ariz. 58, 60, 750 P.2d 1, 3 (1986).  But that defendant was charged for an offense committed while imprisoned, and nothing in that case suggests the defendant was transported to a county jail as a result of that charge.  We therefore find *Bridgeforth* inapplicable here.

[3]Seay is incorrect that the writ should have been filed in Maricopa County, where he was in ADOC custody, instead of in Cochise County.  *See Palmer v. State*, 99 Ariz. 93, 95, 407 P.2d 64, 66 (1965); *see also* A.R.S. § 31-225.

5

**¶8** Moreover, the authority relied on by the trial court in declining to grant relief does not support that result. The court cited *State v. San Miguel*, 132 Ariz. 57, 643 P.2d 1027 (App. 1982). There, a defendant was arrested for a charged offense and a probation revocation based on that offense. *Id.* at 58, 643 P.2d at 1028. He was released on his own recognizance on the new offense but held without bond on the probation violation. *Id.* We determined on appeal that he was not entitled to presentence credit on his sentence for the new offense because he had not been confined due to that charge, but instead "as a result of the petition to revoke" his probation. *Id.* at 61, 643 P.2d at 1031. Here, however, Seay never was released on his new charge—no release conditions were set at his arraignment. *See* Ariz. R. Crim. P. 4.2(a)(7) (trial court required to "[d]etermine the conditions of release" at arraignment). Thus, *San Miguel* does not support the court's determination.

**¶9** The trial court's reliance on a case cited in *San Miguel*, *State v. Prevost*, 118 Ariz. 100, 574 P.2d 1319 (App. 1977), similarly does not support the court's ruling. There, we determined a defendant was not entitled to credit for time spent incarcerated for a federal offense before the state trial court revoked his release based on the federal arrest. *Id.* at 102-03, 574 P.2d at 1321-22. We determined, however, that he could be entitled to presentence credit for time spent in custody after his release had been revoked because he had been "confined for both the state and federal charges."[4] *Id.* at 103-04,

---

[4]At that time, a defendant was not necessarily entitled to presentence incarceration credit, and whether to award such credit was left to the trial court's discretion. *See San Miguel*, 132 Ariz. at 59, 643 P.2d at 1029.

574 P.2d at 1322-23. Here, Seay was held pursuant to both his ADOC prison term and the new charges in Cochise County and is entitled to credit. *See Brooks*, 191 Ariz. at 156-57, 953 P.2d at 548-49; *Brooks*, 161 Ariz. at 181, 777 P.2d at 679.

¶10    For the foregoing reasons, we conclude Seay was entitled to presentence incarceration credit from October 21, when he was transferred to Cochise County from ADOC.[5] Thus, we grant review and grant relief. We amend the trial court's sentencing order to reflect credit for 206 days of presentence incarceration. *See* Ariz. R. Crim. P. 32.9(f) (appellate court "may issue such orders and grant such relief as it deems necessary and proper"); *see also State v. Stevens*, 173 Ariz. 494, 496, 844 P.2d 661, 663 (App. 1992) (correcting presentence incarceration credit without remand to trial court).

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

---

[5]We need not address Seay's related claim of ineffective assistance of counsel.

7