NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

KENNETH JOHN FALCONE,
*Appellant*.

Nos. 1 CA-CR 15-0519
1 CA-CR 15-0522
(Consolidated)
FILED 7-28-16

Appeal from the Superior Court in Maricopa County
Nos.  CR 1989-008697
CR 1989-002205

The Honorable J. Justin McGuire, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

Kenneth John Falcone, Kingman
*Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Donn Kessler joined.

---

D O W N I E, Judge:

¶1 Kenneth John Falcone appeals from a decision revoking his probation and from the resulting disposition. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked us to review the record for reversible error. Falcone filed a supplemental brief *in propria persona* that we have considered. With the exception of the amount of presentence incarceration credit, which we modify, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Falcone pled guilty to attempted child molestation in 1989 and was placed on lifetime probation in Maricopa County Superior Court cause number CR 1989-08697. He also pled guilty to two counts of attempted child molestation in Maricopa County Superior Court cause number CR 1989-02205 and received a sentence of ten years' imprisonment for one count and lifetime probation for the other.

¶3 In 2005, Falcone was arrested in Pima County for sexual contact with two minors, and the Adult Probation Department petitioned to revoke his Maricopa County probation. No further action occurred in the probation revocation proceedings until after Falcone was tried and sentenced for the Pima County offenses in February 2007.[1] Thereafter, in

---

[1] The Pima County Superior Court initially found Falcone guilty of attempted sexual conduct with a minor, two counts of sexual conduct with

June 2007, the Maricopa County Superior Court dismissed the probation revocation petition without prejudice at the State's request.

¶4            In 2011, the Adult Probation Department again petitioned to revoke Falcone's Maricopa County probation based on the Pima County offenses.  Falcone requested and received numerous continuances of those proceedings.  Ultimately, the Maricopa County Superior Court held a probation violation hearing in June 2015.  The court found that, based on the Pima County convictions, Falcone violated his probation terms in both Maricopa County cases. The court revoked Falcone's probation and imposed two ten-year sentences, which are to run consecutively to each other and to the Pima County sentence.  Reasoning that all of the sentences were consecutive and that Falcone was already receiving credit toward his Pima County sentence, the court gave him credit for only two days of presentence incarceration.

¶5            Falcone timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶6            We have reviewed the entire record.  Except for the calculation of presentence incarceration credit, we find no reversible error. Falcone was present and represented by counsel at all critical phases of the proceedings, which were conducted in compliance with the Rules of Criminal Procedure.  The superior court's findings were supported by the record, and the disposition was within the range authorized by law.  We nonetheless address arguments Falcone asserts in his supplemental brief.

### I.    Revocation Proceedings

¶7            Falcone contends the superior court "failed to follow the mandate of former A.R.S. § 13-604.02 B when it dismissed the petition to revoke probation, upon the State's motion."  We disagree.  The cited statute — as well as its current version, A.R.S. § 13-708 — affected the Pima County sentencing, but not the Maricopa County revocation proceedings.  *See* A.R.S. § 13-604.02 (2015) (probationer convicted of subsequent felony offense must be sentenced to no less than presumptive term for that offense,

---

a minor under eighteen, public sexual indecency to a minor under fifteen, and luring a minor for sexual exploitation.  However, except for the two counts of sexual conduct with a minor, those convictions were later vacated.

is not eligible for probation, and the sentence "shall revoke the convicted person's release"); *see also* A.R.S. § 13-708(C), (E) (same).

¶8            Broadly construing Falcone's argument, we consider the implicit contention that the State failed to pursue probation revocation in a timely manner.   Due process entitles a probationer to "some minimal inquiry at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available."  *State v. Flemming*, 184 Ariz. 110, 115 (1995).  In evaluating the reasonableness of delay, we evaluate its length, reasons given for the delay, and any prejudice to the defendant.  *See id*.

¶9            Here, the delay was substantial, and the record does not disclose the State's reasons for dismissing the 2005 petition.  *Cf. Flemming*, 184 Ariz. at 115 (Expressing "disapproval of the practice of deferring the hearing on probation revocation until after the adjudication of guilt or innocence on the new criminal charge.").  On the other hand, Falcone did not raise a timely challenge to the timeliness of the revocation proceedings and contributed significantly to the delay by requesting numerous continuances.  Additionally, we agree with the superior court's observation about the lack of demonstrable prejudice:

> I also find that because the law specifically mandates that the sentences for all these offenses have to run consecutive to each other, you didn't suffer any prejudice as a result of the unusual circumstances that brought us here today.  There was never the possibility that some of these things could have been run concurrent with each other.

As such, Falcone has not demonstrated that the delay caused him prejudice.

## II.      Presentence Incarceration Credit

¶10           We do, however, agree with Falcone that he received insufficient presentence incarceration credit.  "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment."   A.R.S. § 13-712(B).   Under certain circumstances, a defendant is entitled to presentence incarceration credit even if he is currently serving a prison term.  In *State v. Seay*, we stated:

> A person in federal custody transferred to Arizona for criminal proceedings is entitled to credit for time spent in custody in Arizona against any sentence imposed, even if the

4

person continues to receive credit for time served against his or her federal sentence. And an individual may be entitled to credit when held in custody both due to a new criminal charge and a petition to revoke probation or other criminal charge.

We find no basis to distinguish custody in ADOC from federal custody in determining whether [a defendant] is entitled to sentencing credit for time spent in the . . . County Jail.

232 Ariz. 146, 147–48, ¶¶ 6, 7 (App. 2013) (citations omitted).

¶11      The Pima County sentence included presentence incarceration credit for all days prior to its entry. Falcone is not entitled to "double credit" for those days. *See State v. Cuen*, 158 Ariz. 86, 88 (App. 1988) ("[M]ultiple credit should not be given against later consecutive sentences pertaining to the convicted person."). However, he was entitled to credit for every day — prior to sentencing in the Maricopa County cases — he was held pursuant to the probation violation, even if those days also counted toward his Pima County sentence.

¶12      The record reflects that Falcone was held in custody by the Maricopa County Sherriff's Office for the probation violation during the following time periods:

- April 19, 2007 to June 21, 2007 — 64 days;
- June 2, 2011 to August 24, 2011 — 84 days; and
- April 2, 2015 to July 14, 2015 — 104 days.

Falcone is thus entitled to 252 days' presentence incarceration credit toward his first 10-year sentence. *See State v. Cofield*, 210 Ariz. 84, 86, ¶ 10 (App. 2005) (failure to award full credit presentence incarceration is fundamental error).

**CONCLUSION**

¶13      With the exception of modifying presentence incarceration credit in cause number CR 1989-002205, we affirm the judgment of the superior court. Defense counsel's obligations in this appeal have ended. Counsel need do nothing more than inform Falcone of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for

review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this Court's own motion, and if he so desires, Falcone may proceed with an *in propria persona* motion for reconsideration or petition for review within 30 days of this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : jt