NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

RALPH FABIAN RODRIGUEZ, *Appellee*.

No. 1 CA-CR 18-0782
FILED 1-14-2020

Appeal from the Superior Court in Maricopa County
No. CR 2017-005562-001
The Honorable Jose S. Padilla, Judge

**SENTENCING ORDER AMENDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellee*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

**B R O W N**, Judge:

¶1        The State appeals from the superior court's sentencing order, arguing the court improperly awarded defendant Ralph Fabian Rodriguez presentence incarceration credit for time he did not actually spend in custody for this case.  Because the court erred, we amend the sentencing order to reflect the proper amount of credit Rodriguez is entitled to receive.

## BACKGROUND

¶2        In June 2013, while Rodriguez was serving a five-year prison sentence for a crime unrelated to this appeal, prison officials caught him in possession of heroin and determined he was involved in a wider conspiracy of bringing drugs into the prison.  Rodriguez completed the five-year sentence on December 31, 2015, and his community supervision ended on September 2, 2016.

¶3        On September 22, 2017, the State indicted Rodriguez for one count of possession of contraband and one count of conspiring to commit drug offenses and/or promote prison contraband, each stemming from drug-related activities that allegedly occurred between June 24, 2013, and October 1, 2014, while he was in prison.  Rodriguez moved to dismiss the indictment, asserting in part that his due process rights were violated based on pre-indictment delay, which the State had used to "usurp" the superior court's sentencing discretion by denying him "an opportunity to argue for concurrent sentences."[1]   Rodriguez eventually pled guilty to a single amended count of promoting prison contraband and agreed to a sentencing range of nine to fifteen years' imprisonment.

---

[1]        The record does not show that the superior court made a ruling on the motion to dismiss.  Because Rodriguez ultimately decided to enter a plea agreement, we must presume the court denied the motion.

¶4        At the time of the sentencing hearing on October 19, 2018, Rodriguez had been in custody pursuant to the contraband offense since September 22, 2017 (393 days). The superior court sentenced Rodriguez to the presumptive prison term of 9.25 years. Addressing presentence incarceration credit, the court first explained that based on the concept of a lost opportunity, it was inclined to consider awarding credit for "back time" from September 2013. The prosecutor stated that she had never heard of that concept, but that if the court was inclined to consider it, she "d[id] not have any objection." After hearing from defense counsel, the court awarded Rodriguez a total of 1,845 days of presentence incarceration credit, which covered most of the time between the June 2013 prison incidents giving rise to the charge and the date of sentencing. The court based this decision on Rodriguez's "loss of opportunity" to have his prison contraband sentence run concurrently with other crimes for which he had been imprisoned earlier.

¶5        The State promptly moved for reconsideration, asserting the superior court improperly gave Rodriguez the additional presentence incarceration credit in violation of A.R.S. § 13-712(B). The court denied the motion, citing *State v. Adler*, 189 Ariz. 280 (1997), and explaining that if the contraband charges been brought "in a timely manner, it's entirely reasonable for the defendant to have been given a concurrent sentence in this matter, to the sentence he was then serving." The State timely appealed, and we have jurisdiction pursuant to A.R.S. § 13-4032(5).

## DISCUSSION

¶6        At the outset, we reject Rodriguez's argument that the State has waived its ability to object to his sentence on appeal because the prosecutor stated at the sentencing hearing that she did not object when the superior court alerted the parties it was considering applying the loss of opportunity concept. The State filed a motion for reconsideration, thereby allowing the court to consider the objection and correct the sentencing order if deemed necessary. *See* Ariz. R. Crim. P. 24.3(a) ("No later than 60 days of the entry of judgment and sentence . . . the court may correct any unlawful sentence or one imposed in an unlawful manner."). Rodriguez cites no authority suggesting that the State could not reconsider its position after the hearing. Moreover, our supreme court has made it clear that the "failure to impose a legal sentence is one of those rare situations from which the [S]tate can seek review even if it failed to object in the trial court." *State v. Dawson*, 164 Ariz. 278, 281 (1990).

¶7 The State argues the superior court erred in awarding Rodriguez 1,845 days of presentence incarceration credit rather than the 393 days he was actually in custody for the prison contraband offense, as required by A.R.S. § 13-712(B), which provides that "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment." Rodriguez counters that § 13-712(B) is not implicated here because the superior court properly based his presentence incarceration credit on *Adler*, 189 Ariz. 280. We review de novo the court's calculation of presentence incarceration credit. *See State v. Lambright*, 243 Ariz. 244, 249, ¶ 9 (App. 2017).

¶8 In *Adler*, the defendant was placed on probation and allegedly committed acts in violation of his probation terms. 189 Ariz. at 281. The State filed a petition to revoke probation and the superior court issued an arrest warrant. *Id.* About two years later, probation officials were notified that the defendant had been arrested and imprisoned in another state on federal charges. *Id.* While detained in federal prison, the defendant repeatedly attempted to have the probation violation hearing conducted *in absentia*, but the State refused. *Id.* More than six years after the probation violation, the defendant unsuccessfully moved to dismiss the petition, arguing the lengthy delay violated his right to due process. *Id.* at 281–82. After the violation hearing was conducted, the court sentenced the defendant to prison. *Id.* at 282. Our supreme court held that the defendant was prejudiced by "the loss of an opportunity" to have his prison sentence for his probation violation run concurrently with his federal sentence. *Id.* at 284. The court remanded the case to the superior court for dismissal of the petition for revocation with prejudice. *Id.* at 285.

¶9 We are not persuaded that *Adler* is applicable here. First, Rodriguez cites no authority indicating that the analysis used by our supreme court in *Adler* has been applied outside the probation violation context.

¶10 Second, pre-indictment delay, which is what occurred here, does not implicate due process in the same way as a delay in holding a probation violation hearing. *See State v. Broughton*, 156 Ariz. 394, 397 (1988) (finding the due process clause has a "limited" role in the case of pre-indictment delays as such matters are protected primarily by statutes of limitations). In *Broughton*, our supreme court explained that to establish a due process violation based on pre-indictment delay, "there must be a showing that the prosecution intentionally delayed proceedings to gain a tactical advantage over the defendant or to harass him, *and* that the

4

defendant has actually been prejudiced by the delay." *Id.* The only delay Rodriguez faced here was pre-indictment delay, and nothing in this record supports the showing required under *Broughton*.

**¶11** Third, even assuming *Adler* applies outside the probation violation context, and that Rodriguez was deprived of due process by the pre-indictment delay, the remedy would presumably be dismissal of the charge. But the superior court made no finding that Rodriguez was deprived of due process, and by pleading guilty, Rodriguez waived any such issue. *See State v. Chavez*, 243 Ariz. 313, 318, ¶ 14 (App. 2017) ("A defendant who pleads guilty waives the right to assert on review all non-jurisdictional defenses, including deprivations of constitutional rights.").

**¶12** We find nothing in *Adler* suggesting a sentencing judge may award presentence incarceration credit in excess of the actual time a defendant has been in custody. 189 Ariz. at 285. Instead, the judge must follow the statutory directive—a defendant may only receive credit for "time actually spent in custody pursuant to an offense." A.R.S. § 13-712(B). Accordingly, the superior court erred in this case by granting Rodriguez presentence incarceration credit beyond the time he was in custody for the prison contraband offense.

## CONCLUSION

**¶13** Because the superior court erred in its calculation of presentence incarceration credit, we amend the court's sentencing order to reflect credit for the 393 days Rodriguez spent in custody pursuant to the offenses charged in this case. *See State v. Seay*, 232 Ariz. 146, 149, ¶ 10 (App. 2013); *see also* Ariz. R. Crim. P. 31.19(c).

