NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

BRYAN ANTHONY HEADRICK, *Appellee*.

No. 1 CA-CR 21-0458
FILED 8-2-2022

Appeal from the Superior Court in Maricopa County
No. CR2017-142220-001
The Honorable Roger L. Hartsell, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellee*

―――――――――――――――

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

―――――――――――――――

**P E R K I N S**, Judge:

¶1        Bryan Anthony Headrick received credit for 370 days of presentence incarceration. The State appeals the sentencing order, contending the superior court should have credited only 87 days. We disagree with both calculations. For the following reasons, we affirm Headrick's sentence as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Authorities in multiple jurisdictions arrested and incarcerated Headrick for various offenses over a four-year period. This history complicates the calculation of his presentence incarceration credit.

¶3        In September 2017, the State charged Headrick in Maricopa County with two drug-related felony counts, stemming from his conduct in July 2016 ("Maricopa Case"). Headrick failed to appear at the Initial Appearance in October 2017.

¶4        In March 2018, Maricopa County learned Headrick was in Department of Corrections ("DOC") custody in a Pinal County jail, on an unrelated case ("2016 Pinal Case"). Maricopa County obtained an arrest warrant, and the Pinal County Sheriff's Office arrested and held Headrick. The superior court ordered Pinal County to release Headrick if Maricopa County did not take custody of him by 5:00 PM on April 6, 2018. The record does not establish that Maricopa County took custody of Headrick by April 6, but he was in Maricopa County's custody on May 8, 2018.

¶5        Headrick remained in custody while considering the State's plea offers in the Maricopa Case. He pled guilty in early July, and the superior court sentenced him on July 18, 2018. The court placed Headrick on supervised probation for three years, with a six-month jail term to begin in February 2019.

¶6        Pinal County released Headrick on February 5, 2019, from his 2016 Pinal Case incarceration. He then failed to self-surrender to Maricopa

County. On February 12, 2019, the State petitioned to revoke Headrick's probation in the Maricopa Case and obtained an arrest warrant. Police arrested Headrick on February 27, 2019. The superior court did not revoke probation but ordered Headrick to serve his six-month jail sentence starting on March 6, 2019.

¶7        In January 2021, the State petitioned to revoke Headrick's probation in the Maricopa Case and alleged numerous violations, including a felony count of driving under the influence he committed in Pinal County ("2020 Pinal Case"). Headrick denied the allegations, and the superior court set a revocation hearing which Headrick failed to attend.

¶8        In August 2021, the superior court sentenced Headrick in the 2020 Pinal Case to 2.5 years' imprisonment. Maricopa County then obtained a detainer warrant for Headrick, requiring DOC to deliver him for an October 7, 2021 disposition hearing in the Maricopa Case. DOC transferred Headrick to Maricopa County on September 29, 2021, and Maricopa County booked him into its jail the following day.

¶9        The superior court found Headrick violated his probation and sentenced him to 2.5 years' imprisonment in the Maricopa Case, to run concurrently with his sentence in the 2020 Pinal Case. The probation officer testified that Headrick served 148 days of his six-month jail sentence but did not clarify whether this amount included his one week in custody (February 27—March 5, 2019) that preceded his sentence. The probation officer calculated Headrick's total presentence incarceration time as 370 days. The State disputed that calculation, suggesting Headrick may have improperly received credit for time served exclusively on the 2020 Pinal Case. The superior court accepted the calculation and awarded Headrick 370 days credit.

¶10        The State timely appealed, and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4032(5).

## DISCUSSION

¶11        The State asserts Headrick received more presentence incarceration credit than deserved. We review the superior court's rulings on presentence incarceration *de novo*. *State v. Yug*, 252 Ariz. 203, 204–05, ¶ 4 (App. 2021).

¶12        In Arizona, a prisoner is entitled to credit for "[a]ll time actually spent in custody pursuant to an offense until the prisoner is

sentenced to imprisonment." A.R.S. § 13-712(B). The credit thus reduces a defendant's prison sentence by the number of days he already spent in custody. *State v. Cruz-Mata*, 138 Ariz. 370, 375 (1983). A defendant is also entitled to credit for time attributable to his court-ordered transfer from state prison to a county jail to face his charges. *See State v. Seay*, 232 Ariz. 146, 148, ¶ 7 (App. 2013).

¶13 The State asserts Headrick is entitled to 87 days of presentence incarceration credit: May 8—July 18, 2018 (72 days); February 27—March 6, 2019 (7 days); September 29—October 7, 2021 (8 days). The parties agree on the 72 days but otherwise dispute the sources of Headrick's credit.

¶14 Pinal County arrested and held Headrick on March 26, 2018, on a warrant issued in the Maricopa Case. He was already in DOC custody for the 2016 Pinal Case. But Pinal County held him under the Maricopa Case warrant starting March 26, 2018. The superior court gave Maricopa County until 5:00 PM on April 6, 2018, to take custody of Headrick. Nothing in the record shows that Maricopa County took custody of him or that Pinal County did not comply with the court's order. He is thus entitled to credit for the 12 days (March 26—April 6, 2018) he spent in Pinal County jail under the Maricopa Case warrant. *See* A.R.S. § 13-712(B).

¶15 Headrick's probation officer testified that Headrick served 148 days of his six-month jail sentence from the Maricopa Case. The record is otherwise silent on Headrick's incarceration for that sentence. And the probation officer did not specify whether the 148 days included the week Headrick was in custody before he began serving the sentence. Notably, despite claiming that Headrick should only receive 87 days' presentence incarceration credit, the State concedes that Headrick is entitled to credit for any jail term he served as a condition of his probation. Because no record evidence or legal authority supports the omission of this period of incarceration, Headrick is entitled to credit for 148 days served.

¶16 The parties' primary disagreement stems from Headrick's most recent incarceration. The probation officer credited Headrick with all days between May 17, 2021, when the superior court issued a detainer warrant, and the October 7, 2021 disposition hearing, when the court sentenced Headrick for the probation violation. Headrick was in DOC custody serving his sentence in the 2020 Pinal Case until his transfer to Maricopa County. Headrick is entitled to only the eight days between September 30, 2021, when Maricopa booked him into its jail, and October 7, 2021, when he received his sentence. *See Seay*, 232 Ariz. at 148, ¶ 7; *see also*

4

*State v. Carnegie*, 174 Ariz. 452, 453 (App. 1993) (for purposes of presentence incarceration credit, custody begins upon a defendant's booking).

**¶17**     The superior court thus erred by crediting Headrick with time served unrelated to the Maricopa Case. Headrick accrued 240 days of presentence incarceration credit (72+12+148+8), and we accordingly modify that portion of the superior court's sentencing order.

## CONCLUSION

**¶18**     We affirm but modify Headrick's sentence to reflect his 240 days of presentence incarceration credit.



AMY M. WOOD • Clerk of the Court
FILED:     AA