750 P.2d 1

The STATE of Arizona,
Appellee/Cross–Appellant,

v.

Richard Wayne BRIDGEFORTH,
Appellant/Cross–Appellee.

No. 2 CA–CR 4273.

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 19, 1986.

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee/cross-appellant.

Daniel F. Davis, Tucson, for appellant/cross-appellee.

## OPINION

LACAGNINA, Judge.

Richard Wayne Bridgeforth appeals his convictions for nine counts of fraudulent schemes and artifices, nine counts of theft, one count of attempted theft, one count of failure to return rental property, the court's imposition of aggravated concurrent terms on each count and the court's order of restitution in the amount of $6,150. Bridgeforth committed the present offenses while serving a sentence at Fort Grant. The trial court awarded presentence incarceration credit for the entire period from the time of arrest, April 4, 1985, to the date of sentencing, December 4, 1985.

Bridgeforth argues on appeal the court erred in refusing to instruct the jury on the requirement of specific intent to defraud in connection with the fraudulent schemes and artifices charges. The state cross-appeals claiming the court erred in the amount of presentence credit, and in the commencement date for each sentence, and that it erred in giving a *Willits* instruction for evidence lost by someone other than the state or one of its agents. *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964). We affirm the convictions and sentences as modified.

While in prison, Bridgeforth ran a loan brokerage business promising borrowers that for a refundable fee he would put them in contact with investors. The victims who testified never obtained their loans, and their fees were not refunded. Bridgeforth was charged and convicted under the provisions of A.R.S. § 13–2310(A) which makes illegal the activities of "any person who pursuant to a scheme or artifice to defraud knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions...." The statute does not require specific intent but that the offense be committed "knowingly." The person must be aware or believe that the scheme or artifice is fraudulent and that by means of false or fraudulent pretenses, representations, promises or material omissions, he receives some benefit. *See* A.R.S. § 13–1055(B). The word "intentional" in the former statute (A.R.S. § 13–320.01) was deleted in the present statute. From that amendment we presume a legislative intent to change the existing law, *State v. Kozlowski*, 143 Ariz. 137, 692 P.2d 316 (App.1984), and we presume absent clear legislative intent to the contrary, that knowledge is the required mens rea for all elements of the offense. *See* A.R.S. § 13–202(A). The trial court tracked the language of the statute in its instruction and in addition told the jury that a "scheme or artifice to defraud means to form a plan, device or trick to perpetrate a fraud upon another." We find no error.

In the state's cross-appeal, it argues the trial court erred in giving the following instruction concerning certain lost evidence:

If you find that the state has lost, destroyed or failed to preserve evidence whose contents or quality are material to the issues in this case, then you should weigh the explanation, if any, given for the loss or present unavailability of the evidence. If you find that any such explanation is not adequate, then you may draw an inference unfavorable to the state which, in itself may create a reasonable doubt as to the defendant's guilt.

However, the state is not compelled to call any particular witness or produce any particular exhibit so long as there is fairly presented the material evidence bearing upon the charge for which the defendant is on trial and such evidence establishes the guilt of the defendant beyond a reasonable doubt.

Bridgeforth wrote letters to one of the victims instructing her on the operation of the business. The state introduced in evidence drafts of these letters which were seized from Bridgeforth's prison property, and the testimony of the victim showed that there were very few changes between the original drafts and the letters which she had thrown away. There is no testimony that the state was aware of the existence of the letters nor is there any evidence that the state or any of its agents directed her to destroy the letters.

Although we find no prejudice which Bridgeforth could have shown as a result of the loss of the letters, the giving or refusing of a *Willits* instruction is discretionary with the trial court, and we will not find an abuse of discretion where the evidence shows some basis for the trial court's action. In this case the state had disclosed the victim as one of its witnesses on April 15, 1985, which was prior to the time the letters were thrown away. While this might be a sufficient basis for the court's instruction, we need not reach this issue.

We modify the sentences imposed by the trial court to show a commencement date of December 4, 1985, the date of sentencing and not April 4, 1985, the date of arrest. In addition, we amend the court's order for presentence incarceration credit to reflect a total of 163 days, starting from June 24, 1985 (mandatory release date), rather than 244 dating from the date of arrest. Credit may only be awarded for time actually spent in custody pursuant to the offense. A.R.S. § 13–709(B); *State v. San Miguel*, 132 Ariz. 57, 643 P.2d 1027 (App.1982). Bridgeforth was still serving a sentence pursuant to a 1983 conviction at the time of his arrest on April 4, 1985; therefore, his maximum credit can only

date from the earliest release date for the previous offense.

Affirmed as modified.

LIVERMORE, P.J., and BIRDSALL, J., concur.