NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEFFREY SCOTT DOUGLAS, *Appellant.*

No. 1 CA-CR 18-0409
FILED 6-27-2019

Appeal from the Superior Court in Maricopa County
No. CR 2017-002478-001
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

The Stavris Law Firm PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1        Jeffrey Scott Douglas was convicted and sentenced for multiple offenses stemming from a series of burglaries. Without challenging any of the underlying convictions, he appeals the sentences imposed, arguing the superior court failed to properly award him presentence incarceration credit. For the following reasons, we affirm.

## BACKGROUND

¶2        The relevant facts are undisputed. The State charged Douglas with one count of theft of means of transportation (Count 1), five counts of burglary in the third degree (Counts 2, 3, 5, 6, and 8), one count of burglary in the second degree (Count 4), one count of trafficking in stolen property (Count 7), and one count of theft of a credit card (Count 9). The State also alleged aggravating circumstances, prior felony convictions, and that Douglas committed the current offenses while on release. After a five-day trial, a jury convicted Douglas as charged and found he committed each offense for pecuniary gain and while on felony probation. At sentencing, Douglas admitted having multiple prior felony convictions and the superior court sentenced him as a category 3 offender, imposing an aggregate term of 15.75 years' imprisonment with 335 days of presentence incarceration credit for each count. At the same time, the court also sentenced Douglas to a concurrent term of five years' imprisonment with 294 days of presentence incarceration credit on an unrelated case (CR 2017-137433) and disposed of Douglas' felony probation violation in CR 2008-161445—revoking the probation, finding Douglas was held in custody for 337 days on the matter, and imposing a one-year term of imprisonment to run consecutive to the sentences imposed in this case. Douglas timely appealed.

## DISCUSSION

¶3        As his sole issue on appeal, Douglas contends the superior court failed to properly credit him for all time he spent incarcerated before

2

sentencing. Specifically, he argues that he should have received 337 days of presentence incarceration credit as calculated by the court for the unrelated probation violation case, notwithstanding that the sentence for that matter runs consecutive to the sentence imposed for the current offenses.

**¶4** Because Douglas did not object on this basis in the superior court, we review this claim only for fundamental, prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). The failure to grant a defendant full credit for any presentence incarceration time constitutes fundamental error. *State v. Cofield*, 210 Ariz. 84, 86, ¶ 10 (App. 2005).

**¶5** "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment . . . ." Ariz. Rev. Stat. § 13-712(B). The qualifying phrase "pursuant to an offense" limits the credit a defendant may receive to the time served for the specific offense in question. *State v. Bridgeforth*, 156 Ariz. 58, 59 (App. 1986). Stated differently, a defendant may not receive credit for time spent serving another sentence. *Id.* Finally, when calculating presentence incarceration credit, a defendant is entitled to a full day of credit for any partial day in custody, *State v. Carnegie*, 174 Ariz. 452, 454 (App. 1993), but no credit for the day of sentencing. *State v. Lopez*, 153 Ariz. 285, 285 (1987).

**¶6** In this case, the record reflects that Douglas was arrested for the underlying offenses on July 17, 2017, and remained in custody until sentencing on June 11, 2018. Douglas was thus incarcerated for a total of 329 days. Although he contends that the court deprived him of two days' credit from the probation revocation matter when it imposed a consecutive one-year sentence for that offense, Douglas received full credit for the time he spent in custody on the current offenses, and the probation revocation sentence is not properly before us on this appeal. Because the court fully credited him for the time served on the underlying offenses, Douglas has failed to demonstrate any fundamental, prejudicial error.

**CONCLUSION**

¶7        For the foregoing reasons, we affirm Douglas' convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA