NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANDREW AGUSTINE MIGUEL, *Appellant*.

No. 1 CA-CR 23-0392

FILED 10-08-2024

Appeal from the Superior Court in Maricopa County
No. CR2022-140152-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Ortega & Ortega, Phoenix
By Alane M. Ortega
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

---

**P E R K I N S**, Judge:

**¶1**		Andrew Agustine Miguel timely appealed under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction for misconduct involving weapons. Miguel had the opportunity to file a supplemental brief but did not do so. Miguel's counsel searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *State v. Melendez*, 256 Ariz. 14, 19, ¶ 1 (App. 2023).

**¶2**		We must "review the entire record for reversible error, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against [Miguel]." *Melendez*, 256 Ariz. at 19, ¶ 1 (cleaned up). Our review of the record shows that the superior court mistakenly gave Miguel credit for 109 days of time served instead of 128 days. We modify the sentence to grant Miguel 128 days of presentence incarceration credit. *See State v. Stevens*, 173 Ariz. 494, 496 (App. 1992) (correcting a defendant's presentence incarceration credit).

## FACTUAL AND PROCEDURAL HISTORY

**¶3**		In October 2022, police lawfully arrested Miguel for violating the terms of his community supervision. In a search incident to his arrest, police found a shotgun and shells in Miguel's belongings. Police booked him for both a community supervision violation and misconduct involving weapons. The community supervision violation precluded him from posting bond until January 4, 2023. From January 5 through March 22, Miguel remained in jail on the weapons misconduct charge until he was able to post bond.

**¶4**		The State proceeded to trial on the misconduct involving weapons charge in April 2023. Miguel failed to appear for the trial and the jury convicted him. At trial the State offered testimony from the responding officers and the crime lab forensic scientist who fired the shotgun.

¶5 Miguel remained in custody from his initial arrest in October 2022 until March 22, 2023, when he posted bond. Miguel's location thereafter remained unknown until police found and arrested him on July 19, 2023. He remained in the sheriff's custody until his sentencing on September 8, 2023. When delivering Miguel's sentence, the court granted him 109 days of presentence incarceration credit.

## DISCUSSION

¶6 The record reflects that the superior court conducted all proceedings in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Miguel waived a preliminary hearing and failed to appear at trial, but had counsel represent him at all stages of the proceedings. The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Miguel was guilty of misconduct involving weapons. At sentencing, Miguel spoke. The court stated on the record the evidence and materials it considered and the factors it found in imposing the sentence. *See* Ariz. R. Crim. P. 26.10. The court imposed a sentence within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

¶7 Miguel remained in custody from the October 2022 arrest for the community supervision violation until January 4, 2023. He remained in jail for 77 days on the weapons misconduct charge before trial (from January 5 until March 22) and 51 days after trial (from July 19 until September 7). *See State v. Bridgeforth*, 156 Ariz. 58, 59 (App. 1986); A.R.S. § 13-712(B). He spent a total of 128 days in custody on the weapons misconduct charge before sentencing and we modify his sentence accordingly.

## CONCLUSION

¶8 We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Miguel's conviction and resulting sentence as modified. *See Leon*, 104 Ariz. at 300–01.

¶9 Defense counsel's obligations in representing Miguel in this appeal have ended. Counsel need do no more than inform Miguel of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Miguel has thirty days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration.

Miguel also has thirty days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV