NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

JOSEPH A. JIMENEZ, *Appellee*.

No. 1 CA-CR 24-0591

FILED 07-31-2025

Appeal from the Superior Court in Maricopa County
No. CR2024-006437-001
The Honorable Sunita Cairo, Judge

**SENTENCING ORDER MODIFIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jordan Anthony Smith
*Counsel for Appellant*

Maricopa County Legal Defender's Office, Phoenix
By Kerina Ibarra
*Counsel for Appellee*

_____

## MEMORANDUM DECISION

_____

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Andrew J. Becke joined.

_____

**B R O W N**, Judge:

**¶1**      The State of Arizona appeals from the superior court's sentencing order, asserting the court erred by awarding Jimenez excessive presentence incarceration credit.  For the following reasons, we modify the court's order.

## BACKGROUND

**¶2**      In June 2008, Jimenez was convicted of participating in a criminal street gang and was sentenced to a 10-year prison term.  He was also convicted on a separate felony charge and sentenced to a consecutive 6.5-year prison term.  In September 2023, while still incarcerated in an Arizona Department of Corrections ("ADOC") prison for the 2008 convictions, Jimenez was indicted for promoting prison contraband, a class 2 felony, in violation of A.R.S. § 13-2505(A)(3), and possession or use of a narcotic drug, a class 4 felony, in violation of A.R.S. § 13-3408(A)(1) ("2023 case").[1]  On February 2, 2024, the superior court dismissed the 2023 case without prejudice and ordered his return to ADOC custody.

**¶3**      Several weeks later a grand jury indicted Jimenez in the present case ("2024 case"), alleging the same charges as in the 2023 case.  After his initial appearance, Jimenez was transferred to the Maricopa County jail.  On July 22, 2024, Jimenez's sentences for the 2008 convictions ended.  On September 3, 2024, Jimenez pled guilty to promoting prison contraband, a class 2, non-dangerous felony with one historical prior felony conviction, in violation of A.R.S. § 13-2505(A)(3).  The parties stipulated Jimenez would be sentenced to the presumptive prison term of 9.25 years.

_____

[1]      This information about the 2023 case is not included in the record on appeal.  Instead, both parties have included the information in their appendices for our consideration.  In our discretion, we consider it solely to give additional context for the parties' arguments and the superior court's decision.

**¶4**　　　　Jimenez filed a "motion for time credit," asserting he should be awarded 114 days of presentence incarceration credit from October 11, 2023, to February 2, 2024, under the 2023 case and 182 days of credit from April 3, 2024, to October 2, 2024, under the 2024 case, totaling 296 days. Jimenez also noted he was in custody throughout the 2023 and 2024 cases, and the State brought the same charges twice. In response, the State asserted Jimenez was only entitled to presentence incarceration credit for "73" days, from his release date of July 21, 2024, through October 2, 2024, the date scheduled for sentencing.

**¶5**　　　　At the sentencing hearing, the court heard briefly from counsel on their positions relating to presentence incarceration credit. As the State explained, the time Jimenez spent in the county jail before July 21, 2024 was for his prison sentence on the 2008 convictions, which he did not dispute. The State argued he "gets credit for time that he's been in custody here on all of the charges, but only for one case, and that is what happened here." Defense counsel argued caselaw has made it clear that a defendant can receive credit for both a sentence they are serving in ADOC as well as a currently pending case, and that awarding the full amount of credit requested also makes sense from an "equitable standpoint."

**¶6**　　　　In granting Jimenez's request, the court explained: "I think this case is a little different from the other case[s], which - where I understand that [with] a consecutive sentence, you can't double-dip and get the time again." The court reasoned, however, this case was unique because Jimenez was re-indicted on the same charges, and "from an equitable [and] fair perspective," Jimenez "should get time for the other case as well." The court awarded Jimenez 296 days of presentence incarceration credit, calculated by combining the time Jimenez was in custody on the 2023 and 2024 cases. The State timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4032(5).

## DISCUSSION

**¶7**　　　　We review the superior court's determination of presentence incarceration credit de novo. *State v. Yug*, 252 Ariz. 203, 204–05, ¶ 4 (App. 2021) (citations omitted). Given the court's imposition of a consecutive sentence, the State argues the decision to grant Jimenez presentence incarceration credit before July 22, 2024, is untenable. According to the State, the court "was thrown off by the procedural posture" regarding the initial dismissal and refiling of the case, which had no impact on Jimenez's undischarged term of imprisonment. Jimenez counters that the court acted within its discretion in finding the credit was "equitable [and] fair."

3

**¶8** A defendant is entitled to presentence incarceration credit for "[a]ll time actually spent in custody *pursuant to an offense* until the prisoner is sentenced to imprisonment for such offense." A.R.S. § 13-712(B) (emphasis added). From the date of his initial appearance through his release date, Jimenez was not incarcerated "pursuant to" the 2024 case. Instead, he continued to serve the sentences for his 2008 convictions. Thus, he was not entitled to presentence incarceration credit for the pre-release incarceration period.

**¶9** "When consecutive sentences are imposed, a defendant is not entitled to presentence incarceration credit on more than one of those sentences . . . ." *State v. McClure*, 189 Ariz. 55, 57 (App. 1997). Under A.R.S. § 13-711(B),

> [I]f a person is subject to an undischarged term of imprisonment and is sentenced to an additional term of imprisonment for a felony offense that is committed while the person is under the jurisdiction of the state department of corrections, the sentence imposed by the court shall run consecutively to the undischarged term of imprisonment.

Jimenez was serving an undischarged term of imprisonment in ADOC for his sentences on the 2008 convictions when he committed the June 2023 felony offense. In October 2024, the court sentenced Jimenez for that offense and ordered his sentence to run consecutively to his 2008 sentences.

**¶10** The superior court acknowledged that Jimenez's sentence had to run consecutively to the 2008 sentences under A.R.S. § 13-711(B) and that he could not "double-dip" for presentence incarceration credit. Even so, the court concluded from an equitable and fair perspective that Jimenez "should get credit" because the State indicted him twice. That conclusion was error because it failed to follow the established legal standards for calculating presentence incarceration credit. *See Yug*, 252 Ariz. at 205, ¶ 4 ("The court's sentencing authority originates from 'legislative mandates regarding sentencing, and discretion may be exercised only within the parameters determined by the legislature.'") (citation omitted); *State v. Payne*, 223 Ariz. 555, 560, ¶ 9 (App. 2009) ("[The court] must proceed in the manner and upon the conditions imposed by the law."); *State v. Vargas-Burgos*, 162 Ariz. 325, 326 (App. 1989) ("The sentencing court has no discretion to substitute its own judgment for that of the legislature.").

**¶11** Arizona caselaw establishes it was error to award Jimenez presentence incarceration here, including *State v. Bridgeforth*, 156 Ariz. 58

(App. 1986). There, the defendant committed criminal offenses while serving a sentence in state prison. The court granted him presentence incarceration credit from the date of his arrest to the date of sentencing. *Id.* at 58. The State cross-appealed, challenging that ruling. *Id.* This court held that "[c]redit may only be awarded for time actually spent in custody pursuant to the offense" and amended the defendant's presentence incarceration credit from 244 days to 163 days. *Id.* at 59. It explained the defendant was still serving another sentence (with a mandatory release date of June 24, 1985) at the time of his arrest on April 4, 1985, so "his maximum credit [could] only date from the earliest release date for the previous offense." *Id.* at 59–60.

¶12        Jimenez relies on *State v. Seay*, 232 Ariz. 146 (App. 2013), asserting a court should "focus[] only" on a defendant's time spent in custody. In *Seay*, the defendant was serving a sentence in state prison when he was indicted in Cochise County. *Id.* at 147, ¶ 2. The defendant pled guilty, the court sentenced him, and it ordered him to serve that sentence *concurrently* with the sentence he was already serving. *Id.* Thus, *Seay* is not controlling because it did not involve the circumstances presented here—a *consecutive* sentence imposed as a result of the plea agreement and A.R.S. § 13-711(B). *See McClure*, 189 Ariz. at 57 (defendant had no right to credit against consecutive sentence in Arizona case for time spent in federal prison); *State v. Verdugo*, 180 Ariz. 180, 186 (App. 1993) (person serving a sentence for a prior conviction "is entitled to credit only from the earliest release date for the previous offense").

## CONCLUSION

¶13        The superior court erred by awarding Jimenez 296 days of presentence incarceration credit based on equity and fairness. We therefore amend the sentencing order to reflect 72 days of presentence incarceration credit.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR