NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DOMINIQUE DISHAWN BROWN, *Petitioner*.

No. 1 CA-CR 25-0281 PRPC

FILED 04-03-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2021-106431-001
The Honorable Monica Edelstein, Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART AND DENIED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Phillip D. Garrow
*Counsel for Respondent*

Dominique Dishawn Brown, Yuma
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Anni Hill Foster joined.

---

**H O W E**, Judge:

¶1    Dominique Brown petitions for review of the superior court's dismissal of his petition for post-conviction relief. For the following reasons, we grant review and relief on Brown's presentence incarceration credit claim but deny relief as to his other claims.

## FACTS AND PROCEDURAL BACKGROUND

¶2    In February 2021, the State charged Brown with one count of felony murder and one count of armed robbery. *See* A.R.S. §§ 13-1105(A)(2), -1904. Just three months later, Brown moved to waive his right to counsel and represent himself. The court conducted a colloquy; found that his waiver was knowingly, intelligently, and voluntarily made; ordered the self-representation; and appointed Brown advisory counsel.

¶3    Over the next three-and-a-half years while in custody, Brown filed over 45 motions, including 14 motions to dismiss and multiple motions to continue. Although the court appointed several attorneys as his advisory counsel over this time, Brown repeatedly reaffirmed his desire to represent himself. Also during this time, the court held multiple settlement conferences and, on Brown's requests, continued the trial date several times.

¶4    Brown ultimately pled guilty to one count of armed robbery, a class 2 felony. He then moved to withdraw from the plea, claiming that he was unwillingly "forced" to enter the plea "or the court would set a trial date." The court denied the motion and sentenced Brown to 13.5 years' imprisonment with credit for 731 days of presentence incarceration.

¶5    Brown timely petitioned for post-conviction relief, arguing that he (1) "was denied the Constitutional right to representation," (2) had newly discovered material facts that would have changed the outcome, (3) was actually innocent, and (4) did not receive all the presentence incarceration credit he was entitled to. *See* Ariz. R. Crim. P. 33.1(a), (e), (h). The court dismissed Brown's petition. The court found that Brown's

ineffective assistance of counsel claim "[wa]s based on his position that counsel erred by not challenging the grand jury proceedings at the offset of the case" and reasoned "that any challenge to the underlying charges is rendered moot by the subsequent guilty plea as to one count and dismissal of the remaining counts in the challenged indictment." The court also found that because the information Brown provided "was available and existed prior to the entry of judgment, [he ] failed to establish that [it] qualifie[d] as newly discovered material." Regarding actual innocence, the court found that Brown's "sufficiency argument is based on his own conclusory assertions; even if a fact-finder might have seen it [his] way, [he] cannot establish that his now version of events would have changed the ultimate finding that he is guilty of armed robbery." Finally the court summarily declined to address Brown's claim that the presentence incarceration credit was miscalculated because he neither objected at or after sentencing, nor in the court's view provided sufficient evidence to support his claim.

## DISCUSSION

¶6 Brown argues that the superior court erred in dismissing his claims of (1) actual innocence, (2) ineffective assistance of counsel, and (3) wrongful calculation of his presentence incarceration credit. He acknowledges that he has no valid claim of newly discovered evidence. Absent an abuse of discretion or error of law, this Court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Evans*, 252 Ariz. 590, 594 ¶ 7 (App. 2022). The petitioner bears the burden to show that the superior court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). We will affirm the superior court's ruling if "legally correct for any reason." *See State v. Perez*, 141 Ariz. 459, 464 (1984).

### I.     Actual Innocence.

¶7 Brown first argues actual innocence, claiming that "the trial court[']s ruling . . . does not identify sufficient evidence to sustain [his] conviction" and "the State[] lack[s ] evidence to prove" his guilt. His argument places the burden on the court and the State. But to obtain relief under Arizona Rule of Criminal Procedure ("Rule") 33.1(h), Brown bears the burden to "demonstrate[] by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find [him] guilty of the offense beyond a reasonable doubt." He fails to do so.

¶8 Brown's argument is based on his personal view of the facts. His conclusory assertions are not enough to show that no reasonable fact finder would find guilt. *See* Ariz. R. Crim. P. 33.1(h). He argues that the record does not support the factual basis provided with his guilty plea, but the record supports the factual basis and Brown's conviction. And "[r]estating arguments about the trial record does not establish" an actual innocence claim. *Evans*, 252 Ariz. at 598 ¶ 30. The court did not err.

## II. Ineffective Assistance of Counsel.

¶9 Brown also argues that his counsel was deficient for not "challenging the grand jury hearing based on the grounds that the prosecution did not present exculpatory evidence to the grand jurors." Generally, a defendant who waives their right to counsel cannot later raise a claim of ineffective assistance of counsel. *See State v. Lee,* 142 Ariz. 210, 216–17 (1984). Here, however, Brown waived his right to counsel after the grand jury indicted him, so his claim about counsel's effectiveness at the grand jury stage is not waived. Neither is it moot as the superior court ruled, citing *State v. Neese,* 126 Ariz. 499, 503 (App. 1980). *Neese* holds that "[p]rior to trial the question of whether probable cause exists is an open one, however, after a *full scale trial* in which a jury determines guilt beyond a reasonable doubt the question is closed." 126 Ariz. at 502–03 (emphasis added). But Brown pled guilty and thus did not receive a "full scale trial" or a jury determination of guilt. We thus consider his claim of ineffective assistance of counsel on the merits.

¶10 To state a claim of ineffective assistance of counsel, Brown must prove that his counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006). Simply disagreeing with counsel's strategy is insufficient to show deficiency. *See State v. Pandeli*, 242 Ariz. 175, 181 ¶ 8 (2017). To show prejudice, Brown must provide evidence showing a reasonable probability that counsel's deficient performance affected the case's outcome. *See State v. Rosario*, 195 Ariz. 264, 268 ¶ 23 (App. 1999). Conclusory allegations and speculation are insufficient to state a colorable claim of prejudice. *See State v. Leyva*, 241 Ariz. 521, 528 ¶ 22 (App. 2017); *State v. Donald*, 198 Ariz. 406, 414 ¶ 21 (App. 2000).

¶11 Brown fails to show prejudice. He argues that, had the grand jurors known certain information, he "possibly would have never been prosecuted." But his argument is purely speculative, *Leyva*, 241 Ariz. at 528

¶ 22, and he fails to show a reasonable probability that the outcome would be different had his counsel acted differently, *Rosario*, 195 Ariz. at 268 ¶ 23. Thus, he fails to show prejudice and the court did not err. *See Perez*, 141 Ariz. at 464 ("We are obliged to affirm the trial court's ruling if the result was legally correct for any reason.").

### III.    Presentence Incarceration Credit.

**¶12**    Brown claims that the superior court failed to award him all the presentence incarceration credit to which he was entitled. Whether a defendant is entitled to incarceration credit is a legal question we review de novo. *State v. Lambright*, 243 Ariz. 244, 249 ¶ 9 (App. 2017). Although the superior court correctly noted that Brown did not dispute the calculation at his sentencing, the failure to grant a defendant full credit for presentence incarceration is fundamental error that may be raised at any time. *State v. Cofield*, 210 Ariz. 84, 86 ¶ 10 (App. 2005) (as amended).

**¶13**    "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment." A.R.S. § 13-712(B). The record is unclear how the 731 days of presentence incarceration credit was derived. *See State v. Brooks*, 191 Ariz. 155, 157 (App. 1997) (remanding for reconsideration of presentence incarceration credit where the superior court failed to show how it computed the credit). Brown was indicted on February 25, 2021, but the record reveals that he was in custody on this matter as early as February 19, 2021. The record shows that Brown remained incarcerated from February 19, 2021, until his sentencing on November 6, 2024. Thus, he is entitled to 1,356 days of presentence incarceration credit. We reverse the award of incarceration credit and remand for the correct calculation of time served.

### CONCLUSION

**¶14**    We grant review and relief solely for the correction of Brown's presentence incarceration credit but otherwise deny relief.

